JOURNAL ENTRY AND OPINION
Defendant-appellant Mark Green appeals from an order of the trial court classifying him as a sexual predator.
Defendant was indicted June 20, 1984 on five counts of forcible rape of an eight-year-old girl. Each count had an accompanying aggravated felony specification resulting from a prior conviction for gross sexual imposition and attempted robbery. Defendant was found competent to stand trial, but ultimately entered a guilty plea pursuant to a plea bargain.
Defendant pleaded guilty to two counts of rape with accompanying specifications. In return, the remaining three charges and specifications were dismissed. Defendant was sentenced to concurrent life sentences on the two rape convictions.
On April 21, 1999, the prosecution commenced proceedings to adjudicate defendant as a sexual predator. Defendant, represented by the public defender, filed a motion to dismiss the matter. The prosecution opposed the motion to dismiss. The matter proceeded to a hearing on February 16, 2000. Defendant appeared and was represented by the public defender. Following additional argument by defense counsel, the trial court denied the motion to dismiss and proceeded to the sexual predator hearing.
The prosecutor recited the background facts concerning the charges and convictions in the case at bar and discussed and submitted seven exhibits. Exhibit three was a police report describing in detail the offenses, which occurred on two different dates. Exhibit one was a statement by the child victim describing three distinct sex acts in the first incident and two distinct sex offenses in the second incident. The child's statement also described the force, and threats of future force, defendant used against her. Defendant had gonorrhea and transmitted it to the victim.
The prosecutor also read from Exhibit two, a statement defendant made to the police after he was informed of his Miranda rights. This statement provides in part as follows:
 Question: Is there anything else you can add to the above statement?
 Answer: I know what happened was wrong. Sometimes I get this urge to be with little girls, but I usually fight it off.
(Tr. 21.) After an interruption in the proceedings the prosecutor continued reading the statement:
 I've been fighting it off for the past four years, as you can see by my record. Nothing has happened since I was arrested back in 1980. But I still get these urges, and I know I need help. I don't ever want anything like this to happen again. I should have went a long time ago to get help, but it didn't seem like anyone wanted to help me. * * *
(Tr. 22.)
The prosecutor thereafter presented Exhibit six, which was comprised of copies of defendant's two prior convictions for gross sexual imposition. The prosecutor rested his case after discussing Exhibit seven, which recounted various disciplinary proceedings against defendant for non-sexual rule infractions during his incarceration. He stated there was no evidence that defendant ever engaged in a program for treatment or control of his sexual impulses or behavior.
Defense counsel argued the prosecution did not prove by clear and convincing evidence that defendant was likely to commit a sexually oriented offense in the future. Following the conclusion of arguments, the trial court made a series of detailed findings and concluded that defendant was a sexual predator. The trial court thereafter journalized its determination that defendant was a sexual predator. Defendant, represented by the public defender, appeals raising four assignments of error.
Defendant's first assignment of error follows:
 THE TRIAL COURT ERRED WHEN IT DECIDED TO CONDUCT THE SEXUAL PREDATOR HEARING AGAINST THE APPELLANT WHERE THE APPELLANT WILL NOT BE RELEASED FROM PRISON FOR AT LEAST TEN YEARS IN VIOLATION OF THE REVISED CODE AND BOTH THE OHIO AND UNITED STATES CONSTITUTIONS.
This assignment lacks merit.
Defendant complains that R.C. 2950.09(B)(1) permits the trial court to make a sexual predator determination before his release from incarceration. He contends the statute violates due process because it does not provide him with a meaningful time for the determination to be made. The proper time, he argues, is immediately prior to release from incarceration. This precise argument was rejected in State v. Dunwoody (Aug. 30, 1999), Perry App. No. CA-97-65, unreported at p. 3. This court and others have likewise rejected defendant's argument concerning the timing of sexual predator determinations. See e.g., State v. Steele (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported at p. 10; State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported.
Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error follows:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
This assignment lacks merit.
Defendant contends the prosecution did not present sufficient evidence to permit the trial court to find that he was a sexual predator. He argues the prosecution relied on stale evidence of his convictions, or second hand evidence that was over fifteen years old, and provided no evidence that he was likely to commit a sex crime in the future. Finally, defendant contends that principles of res judicata prevent remanding the matter to the trial court for a correct determination.
Contrary to defendant's argument, this case does not involve merely second hand evidence or merely stale evidence of his prior convictions. Defendant personally completed a statement which indicated that he had uncontrollable urges to have sex with little girls. Despite knowledge of this problem, he never completed treatment of any kind, either before or after the offenses in the case at bar.
Defendant has committed at least four sex offenses, two forcible rapes against an eight-year-old girl and two involving gross sexual imposition. The offenses occurred in two different decades. By his own admission he was unable to solve a recurring problem with his sexual urges involving little girls. His prison record reveals, moreover, more recent evidence that he has difficulty conforming to standards of acceptable conduct arising from rule violations in that highly supervised and controlled environment. Under the circumstances, defendant has failed to show that the trial court's sexual predator determination is not sufficiently supported by the evidence.
Accordingly, defendant's second assignment of error is overruled.
Defendant's third assignment of error follows:
 OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPTS OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
This assignment lacks merit.
Defendant argues that R.C. 2950.09(C) violates the separation of powers because trial courts are required to independently gather evidence not presented by the prosecution. He argues the trial judge was required to act as prosecutor, judge and jury and that he did not receive an adversarial hearing by a neutral fact-finder. This court rejected this argument in State v. Copeland et al. (Dec. 18, 2000), Cuyahoga App. Nos. 77333, 77500, 77501, 77502, and 77517, unreported; see also State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported at p. 3.
Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error follows:
 THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMATICALLY FLAWED.
This assignment lacks merit.
Defendant argues he was denied due process because the sexual predator statutes do not provide sufficient guidance for the trial court, do not permit him to present a meaningful defense, and do not require written notice of the charge or evidence to be used against him. In State v. Steele (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported at p. 10, this court previously rejected defendant's argument concerning the lack of guidance. Furthermore, this court has already determined that the sexual predator statutes afford due process by providing the defendant with an opportunity to cross-examine any witnesses against him. State v. Ward (1999), 130 Ohio App.3d 551, 559. Finally, defendant does not deny that he was given notice of the sexual predator hearing or that he was denied any discovery.
Accordingly, defendant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________ KARPINSKI, P.J.
TIMOTHY E. McMONAGLE, J., and ANNE L. KILBANE, J., CONCUR.